IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DANNY and SARAH CAMPBELL,
JOSHUA and MELISSA POWELL,
RICHARD and TANA TOLLEY,
and all others similarly situated,

      Plaintiffs,

v.                CIVIL ACTION NO. 3:16-8696

VIRGINIA MEADOWS, LLC,
CORNERSTONE CUSTOMS, INC.,
OLD COLONY COMPANY,
d.b.a. Old Colony, Realtors,
a.k.a. Old Colony,
MERCYBUILT, LLC,
JORDAN GARNES,
a.k.a. Drew Barnes,
BRAD GARNES,
RICHARD GARNES,
LINDA GARNES,
WOODLAND DESIGNS, INC.,
RICHLIN INVESTMENTS, LLC,
JIMMY CALHOUN,
d.b.a. Calhoun Engineering and Surveying,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Plaintiffs' First Amended Motion to Amend Complaint. ECF No. 56. Also pending are motions to dismiss filed by each Defendant. ECF Nos. 31, 33, 43, 46, 50, 54, 59. Plaintiffs' amended motion to amend their complaint attempts to address the numerous issues raised in the motions to dismiss. For the following reasons the Court finds the amended complaint futile and therefore the motion is **DENIED**. Accordingly, and for the same reasons

compelling a finding of futility of amendment, the Court **GRANTS** Defendant Virginia Meadows' motion to dismiss. ECF No. 46. Lastly, Plaintiffs Motion for Cost of Service is **DENIED**.[1] ECF No. 24.

## I. Background

Plaintiffs' brought this putative limited funds class action suit against Defendants alleging that Defendants violated various state laws and the federal Racketeer Influenced Corrupt Organizations Act ("RICO") by knowingly building numerous homes in a Putnam County, West Virginia housing development that did not meet building codes and intentionally concealing the defects from Plaintiffs. Compl. ¶¶ 258–83, ECF No. 1. Defendants each filed a motion to dismiss contending that Plaintiffs did not allege facts sufficient to state a claim on which relief could be granted, did not plead facts sufficient to maintain a class action, and failed meet the heightened pleading standard required for RICO fraud claims. ECF Nos. 31, 33, 43, 46, 50, 54. Rather than responding, Plaintiffs moved the Court to amend their complaint, believing that an amendment could cure any defect raised by Defendants in their motions to dismiss. ECF No. 52. The amended complaint added Randolph and Jessica Simpson and "the Wilt family" as class representatives. First Am. Limited Funds Class Compl. ¶ 229, ECF No. 52-1. It also emphasized that Virginia Meadows was "the glue which binds all the residences and families together" and added the allegation that all the houses at issue were built by the same subcontractors. Mot. to Am. Compl., ECF No. 52.

Plaintiffs then filed an amended motion to amend, which not only amended the motion to amend but also amended the complaint for a second time. First Am. Mot. to Am. ECF No. 56. This

---

[1] Plaintiffs did not comply with the waiver of service requirement set out in Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(d). Indeed, Plaintiffs do not claim as much. Thus, Plaintiffs must bear their own costs to effect proper service.

(second) amendment attempted to address issues raised in Defendant Old Colony's motion to dismiss which was filed shortly after the Plaintiffs' original motion to amend. *See* First Am. Limited Funds Class Compl., ECF No. 56-1; Def's. Mot. to Dismiss, ECF No. 54. The (second) amendment also fixed a numbering issue in the complaint. First Am. Mot. to Am., ECF No. 56. Then, realizing that the first amended complaint and the amendment to that, i.e. the second amended complaint, failed to include all but one defendant in the case style, the Plaintiffs file an "Explanation of Changed Exhibit." ECF No. 61. A (third) amended complaint was attached to the "Explanation." *Id.* In the "Explanation," Plaintiffs' explained that they had mistakenly forgotten to add the Defendants to the style, but also that, in actuality, they intended to remove Brad Garnes as a defendant in his individual capacity. *Id.*

The Court in an Order dated November 23, 2016, ECF No. 58, requested that in any response to Plaintiffs' amended motion to amend, Defendants explain whether any of the amendments to the complaint moot the issues raised in their motions to dismiss. Defendants averred that none of their arguments were mooted by the amendments and each further argued that because the amended complaint was susceptible to the same arguments as the original complaint, amending it would be futile and the motion to amend should be denied. The Court agrees.

Defendants raise a surfeit of arguments in their motions to dismiss and their responses to Plaintiff's motions to amend. Nonetheless, Defendants' arguments attacking Plaintiffs RICO fraud claim, the only federal cause of action, raise a threshold issue and as such, the only issue the Court need take up at this time. Multiple Defendants have raised the same argument against Plaintiffs RICO cause of action. As it appears to the Court that the Defendants that have raised this issue coordinated their arguments, the Court will deal with the motion to dismiss and response to

Plaintiffs' motions to amend of one of the Defendants, Virginia Meadows. Its resolution will resolve all similar issues in other motions and responses.

## II. Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "with the opposing party's written consent or the court's leave" and leave should be freely given "when justice so requires." "[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." *Equal Rights Ctr. v. Niles Bolton Assocs.* 602 F.3d 597, 603 (4th Cir. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). A court may deny a motion to amend a complaint if the amendment would be futile. *Id.* (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)). An amendment is futile where even if it is permitted the amendment would not save the complaint from a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig*, 766 F.2d 265, 268–69 (7th Cir. 1985)).

A claim for fraud will not survive a motion to dismiss unless it complies with Rule 9(b) of the Federal Rules of Civil Procedure. "In alleging fraud or mistake a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fourth Circuit has explained that "the circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). "The standard set forth by Rule 9(b) aims to provide defendants with fair notice of claims against them and the factual ground upon which they are based, forestall frivolous suits, prevent fraud actions in which all facts are learned only following discovery, and

protect defendants' goodwill and reputation." *Id.* Where a plaintiff asserts merely conclusory allegations of fraud against multiple defendants "without identifying each individual defendant's participation in the alleged fraud," the complaint fails to meet the particularity requirements of 9(b). *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000).

This heightened standard applies to allegations of RICO predicate acts of fraud. *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404–05 (6th Cir. 2012); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996); *Murr Plumbing v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995); *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400–01 (9th Cir. 1986); *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 19 (2d Cir. 1983). Courts, however, "should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784.

### III.  Analysis

#### A.  *Plaintiffs' RICO Fraud Claim*

Plaintiffs' ninth or tenth cause of action, depending on which version of the complaint is used, alleges that all of the Defendants engaged in a fraudulent scheme to sell defective houses to Plaintiffs in violation of RICO. Plaintiffs claim that all Defendants since approximately 2009 have committed two or more acts constituting either wire fraud, mail fraud, or bank fraud as codified by 18 U.S.C. §§ 1341, 1343, and 1344, respectively. Compl. ¶¶ 271, 273. It is these violations, Plaintiffs allege, which constitute the predicate racketeering acts required by RICO to incur civil liability. *Id.* ¶ 273. While Plaintiffs amended their complaint numerous times, Plaintiffs have not

amended their RICO allegations save the cause of action numbers to fix a missing number—thus the change from Count Ten in the original complaint to Count Nine in later iterations.

To properly plead a RICO cause of action a plaintiff must plead facts consistent with seven elements. They are: (1) that the defendant, a "person" under RICO; (2) through the commission of two or more acts; (3) constituting a "pattern" (4) of "racketeering activity;" (5) directly or indirectly invests in, or maintains an interest in, or participates in; (6) an "enterprise;" (7) the activities of which affect interstate or foreign commerce. *Moss*, 719 F.2d at 17 (quoting 18 U.S.C. § 1962 (c)).

Acts constituting racketeering activity consist of indictable offenses under a number of federal statutes listed in the RICO statute. *See* 18 U.S.C. 1961(1)(B). In this case, Plaintiffs have alleged predicate acts of mail fraud, wire fraud, and bank fraud. 18 U.S.C. §§ 1341, 1343, 1344. The elements of mail fraud and wire fraud are: "(1) the existence of a scheme to defraud and (2) the use of the mails or wire communication in furtherance of the scheme." *United States v. Curry*, 461 F.3d 452, 457 (4th Cir. 2006). The elements of bank fraud are: defendants knowingly execute[d] a scheme: (1) to defraud a financial institution; or (2) to obtain any of the . . . funds . . . . owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations or promises." 18 U.S.C. § 1344. A scheme to defraud is, generally, "an assertion of a material falsehood with the intent to deceive or active concealment of a material fact with the intent to deceive." *United States v. Pasquantino*, 336 F.3d 321, 333 (4th Cir. 2003) (citing *United States v. Colton*, 231 F.3d 890, 899–901 (4th Cir. 2000)).

Of course, when pleading fraud, even in a RICO case, a plaintiff must comply with Rule 9(b), meaning a plaintiff must plead with specificity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he

obtained thereby." *McCauley*, 710 F.3d at 559; *Heinrich*, 668 F.3d at 404–05. Plaintiffs have failed to plead with such specificity.

Plaintiffs allegations generally gather around a few main themes. The first is that Defendants Drew and Brad Garnes presented themselves as competent general contractors but were not. Compl. ¶¶ 280(a), 280(c), 280(d), 280(e), ECF No. 1. Second, Drew Garnes did not disclose certain information to Plaintiffs required by West Virginia law. *Id.* ¶¶ 280(j), 280(k). Third, "Defendants" did not intend to comply with building codes and would not disclose this to Plaintiffs. *Id.* ¶¶ 280(l), 280(m), 280(n), 280(r). Fourth, Drew Garnes intentionally obscured the defective nature of the homes, *id.* ¶ 280(n), and fifth, "Defendants" did not intend to supervise sub-contractors and concealed that fact from Plaintiffs *Id.* ¶ 280(q).

The primary deficiency in Plaintiffs' pleading is that although the complaint mentions these acts were done using the mails or the wires, *id.* ¶¶ 273–75, it does not explain with specificity what information was conveyed or concealed; how it was conveyed or concealed (verbally, by written document, some combination), and if by written document, which specific document or documents (contract, brochure, etc.); whether the information given to one Plaintiff was the same as information given to another, whether it was presented by the same medium; and not least, to whom it was conveyed. Plaintiffs never once allege that any specific Plaintiff in this case was the recipient of fraudulent information. Only that Defendants, and specifically Drew Garnes, were purveyors of fraudulent or misleading information. At a minimum, a plaintiff must plead facts that show the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The presence of malfeasance by a defendant does not give rise to an entitlement to relief. It is the conjunction of malfeasance and a resulting harm to a specific legal entity caused by that malfeasance that must be alleged to state a claim. *Id.* Here, Plaintiffs expect

the Court to infer that the allegedly fraudulent statements were conveyed to each of them without pleading the method of conveyance, the time, the place, or the content. The Court will not indulge in that type of speculation when Plaintiffs are required to plead fraud with specificity.

The complaint likewise fails to allege where the fraudulent interactions took place or when they took place. Naturally, it is impractical to require plaintiffs to plead every instance of fraud where a plaintiff has alleged numerous instances over a long period. *See In re Pharm Indus. Average Wholesale Price Litig.*, 478 F. Supp. 2d 164, 171–72 (D. Mass. 2007); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.* 238 F. Supp. 2d 258, 268 (D.D.C. 2002). Nevertheless, a plaintiff is not excused from pleading any specifics of fraud just because the fraud was extensive in scope or duration. To hold otherwise would be to render Rule 9(b) a nullity. Here Plaintiffs make no attempt to identify even a single instance of fraud with specificity.

Further, in all allegations not specifically directed at Drew or Brad Garnes, Plaintiffs make general allegations directed at "Defendants" without specifying which of the eleven Defendants acted fraudulently. Compl. ¶¶ 269–70, 273–75, 280(i)–(k), 280(l)–(m). These allegations fail to meet 9(b)'s particularity requirements because they are merely conclusory statements unsupported by factual allegations. *Adams*, 193 F.R.D. at 250.

Possibly most surprising is that Plaintiffs have not even attempted to plead bank fraud other than listing it as one of the predicate RICO acts committed by Defendants.

It is true that Rule 9(b)'s pleading standards are sometimes relaxed "where the plaintiff lacks access to all facts necessary to detail his claim." *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998) (finding plaintiff could plead facts supporting fraud more generally for unknown third parties who were alleged to have been victims of a fraud scheme but remained unknown due to defendant's refusal to reveal their identities). The reasons for relaxing

Rule 9(b) are even more compelling where a defendant has refused to comply with discovery requests that would illuminate facts to detail a plaintiff's claim. *See id.* None of these features are present in this case. All named Plaintiffs were recipients of the allegedly fraudulent information. Thus, a significant portion of the details of the scheme would be in their possession. Moreover, the class of plaintiffs that are not named are known. Indeed, in the complaint Plaintiffs name each of the potential plaintiffs that have allegedly expressed interest in joining the class. Each of these potential plaintiffs would have all the allegedly damming details in their possession as well.

Plaintiffs counter with the Fourth Circuit's warning that courts "should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied" that the defendant is aware of the particulars of the alleged fraud and the plaintiff has substantial prediscovery evidence of the particulars. *See Harrison*, 176 F.3d at 784. If there is evidence of fraud at least some of it would be in the possession of Plaintiffs in the form of misleading or fraudulent statements made to them. Nonetheless, Plaintiffs' allegations contend that Defendants engaged in wide-ranging fraudulent scheme for the past eight years. It is doubtful Defendants are aware of the particulars of Plaintiffs fraud claims when the claims range across eight years and multiple plaintiffs. The Court is not satisfied that Defendants have been made properly aware of the particulars of Plaintiffs' mail, wire, and bank fraud claims.

Even by the general pleading standards in federal court, Plaintiffs' RICO fraud claim fails. Plaintiffs give only lip service to the elements of mail and wire fraud without pleading facts to support them. Plaintiffs certainly plead that the mails and wires were used, but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Nowhere do

Plaintiffs plead a specific instance where any of the eleven Defendants put an item in the mail or used wires in service of a scheme to defraud. Nor do Plaintiffs plead facts that Defendants defrauded any specific Plaintiff. The only allegation Plaintiffs make is the general allegation that the mails and wires were used in a scheme to defraud.[2]

Plaintiffs' RICO claim, wanting in almost every respect, thus cannot survive a motion to dismiss. Accordingly, because Plaintiffs amended complaints could not withstand a motion to dismiss, the First Amended Motion to Amend Complaint is **DENIED**. ECF No. 56. Moreover, because Plaintiffs' RICO claim suffers from the same deficiencies in each iteration of their complaint, Virginia Meadows' Motion to Dismiss is **GRANTED** and Plaintiffs' RICO claim is **DISMISSED**.

Plaintiffs' contingent and utterly bare request for an additional leave to amend if the Court finds the RICO claim wanting will not be entertained. Plaintiffs' request, not without some irony, appears in their amended motion to amend. Plaintiffs were aware of the arguments leveled against

---

[2] The Court also has reservations about the interstate nexus required for both mail and wire fraud. A number of courts around the country have held that in order to successfully plead a cause of action for federal wire fraud, a plaintiff must plead facts that support an interstate communication. *See First Pacific Bancorp, Inc. v. Bro*, 847 F.2d 542, 546 (9th Cir. 1988) (finding an allegation of mail fraud unsupported because there no evidence of interstate wire communication); *Smith v. Ayers*, 845 F.2d 1360, 1366 n. 21 (5th Cir. 1988); *Hernandez v. Ballesteros*, 333 F. Supp. 2d 6, 12 (D.P.R. 2003); *Utz v. Correa*, 631 F. Supp. 592, 595–96 (S.D.N.Y. 1986) (finding phone calls between parties within New York City cannot constitute predicate acts of wire fraud in a RICO complaint). Here all parties are residents of West Virginia and no facts have been pled to support a contention that any interstate communication took place. Similarly, to maintain a cause of action for mail fraud, a plaintiff must at the very least plead facts showing that the mail carrier engages in interstate carriage, even if the mail at issue did not cross state lines. *See United States v. Delfino*, 510 F.3d 468, 471 (4th Cir. 2007) (finding use of the mails or another interstate carrier an element of mail fraud and that use of other kinds of delivery like a fax, hand delivery, or airplane do not constitute mail fraud); *United States v. Mallory*, 824 F. Supp. 2d 854, 858–59 (E.D. Va. 2010). Plaintiffs likewise make no mention of the carrier or whether it carries interstate mail, and thus the Court cannot determine if the carrier engages in interstate rather than intrastate carriage.

their RICO claim and chose not to amend it in either in their original motion to amend, their amended motion to amend, or their "explanation." If Plaintiffs believed their RICO claim was not properly plead or could have been pled with more specificity, they could have amended the claim in one of their three amendments. They could have also sought another leave to amend at any time accompanied by a proposed amended complaint detailing how the original claim's deficiencies would be cured. In their request, however, Plaintiffs make no showing whatsoever of how they could bolster their RICO claim. The Court does not believe an unsupported request to amend the RICO claim is warranted where Plaintiffs have amended the complaint numerous times all the while aware of Defendants arguments against the claim.

    B. *Supplemental Jurisdiction Over Plaintiffs' State Law Claims*

The balance of Plaintiffs' causes of action are based on state law and all parties are citizens of West Virginia. Due to the size of the putative class, the Class Action Fairness Act ("CAFA") does not apply in this case, and as such all named plaintiffs and all defendants must meet complete diversity. *See* 28 U.S.C. 1332(d)(5)(B) (CAFA does not apply to proposed classes of less than 100); *Supreme Tribe of Ben-Hur v. Cauble*, 255 U.S. 356, 365 (1921). Here, as already noted, there is no diversity of citizenship. Every Defendant and every Plaintiff is from West Virginia. Plaintiffs are without a basis to satisfy either federal questions or diversity jurisdiction. The Court may act with discretion to exercise its supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367. The Court, however, refuses to exercise supplemental jurisdiction.

Federal courts may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as a federal claim presented in the same case. 28 U.S.C. § 1367(a) (2012); *Hartman v. Univ. of Maryland at Baltimore*, 595 Fed. App'x 179, 180 (4th Cir. 2014); *Arrington v. City of Raleigh*, 369 Fed. App'x 420, 422 n.1 (4th Cir. 2010). Even after all federal

claims supporting supplemental jurisdiction are dismissed, 28 U.S.C. § 1367(c) permits district courts to retain supplemental jurisdiction over remaining pendant state law claims. *Arrington*, 369 F. App'x at 422.

The Supreme Court's opinions construing section 1367 "have established that pendant jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The Court recently held "[a] district court's decision whether to exercise [supplemental jurisdiction] after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) (citing § 1367(c)). When weighing the decision to exercise its supplemental jurisdiction, a district court should deal with the claim "in the manner that best serves the principles of economy, convenience, fairness, and comity." *Int'l Coll. of Surgeons*, 522 U.S. at 172–73 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Although Plaintiffs allege serious misconduct by Defendants resulting in possibly millions of dollars in damages if proved, the Court does not believe a federal forum is due. The litigation is still in its early stages, and the Court has not had significant involvement with any of the substantive claims. Dismissal at this stage will not adversely impact any party or saddle an unfamiliar court with a case in its later stages. Moreover, in the interests of courtesy and respect for state interests, the Court must decline supplemental jurisdiction. There are no issues in the case that implicate any federal interests. The case implicates only West Virginia law and West Virginia citizens and corporations. Its resolution is likely of great interest to the citizens of Putnam County, West Virginia and may raise novel issues of West Virginia law[3] that are likely to be of great

---

[3] The case may raise a novel issue of statutory construction of West Virginia law. The

interest to all the citizens of the state. Consequently, the Court believes the resolution of those issues should be committed to the courts of West Virginia. Accordingly, Plaintiffs' case is **DISMISSED** for want of jurisdiction.

## IV. Conclusion

Plaintiffs' First Amended Motion to Amend Limited Funds Class Complaint is **DENIED**. ECF No. 56. Virginia Meadows' Motion to Dismiss Limited Funds Class Complaint is **GRANTED**. ECF No. 46. Plaintiffs' Motion for Cost of Service is **DENIED**. ECF No. 24.

The motions to dismiss filed by Brad Garnes, Woodland Designs, MercyBuilt, Cornerstone Customs, Jordan Garnes, Linda Garnes, Richard Garnes, Richlin Investments, Old Colony, and Jimmy Calhoun are therefore **DENIED** as moot. ECF Nos. 24, 31, 33, 43, 50, 54, 59. The motions for a more definite statement filed by Brad Garnes, Woodland Designs, and MercyBuilt are also **DENIED** as moot. ECF Nos. 31, 33. Virginia Meadows' Motion to Strike Plaintiffs' Class Allegations, Plaintiffs' Motion to Amend, Cornerstone Customs' and Jordan Garnes' Motion to Strike Conditional Notice of Appearance, Cornerstone Customs' and Jordan Garnes' Motion to Strike Conditional Response Language from Plaintiffs' Reply to Responses, Old Colony's Motion for Joinder, Cornerstone Customs and Jordan Garnes' Motion to Strike Conditional Notice of Appearance, Old Colony's Motion for Joinder, Plaintiffs' Motion to Strike Notice of Fault of Non-Parties, Cornerstone Customs' and Jordan Garnes' Motion for Leave to File Third-Party Complaint, Plaintiffs' Motion to Strike Amended Notice of Fault of Non-Parties, Cornerstone Customs' and Jordan Garnes' Amended Motion for Leave to File Third-Party Complaint, and

---

parties disagree over whether by its terms West Virginia's Consumer Credit and Protection Act, W. Va. Code § 46A-6-104, applies to real estate or real estate services. Neither party cites to any controlling law. It appears that the issue may be unexamined in West Virginia jurisprudence.

Woodland Design's Motion for Leave to File Third-Party Complaint are **DENIED** as moot. ECF Nos. 46, 52, 74, 79, 83, 94, 96, 97, 105, 108, 116, 118.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     March 8, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE